Dear Mr. Nevils,
You have requested an opinion of this office regarding the following scenario: a creditor obtains an executable money judgment against a presiding sheriff in his individual capacity. In order to satisfy the judgment, the creditor seeks to garnish the sheriff's wages. Based on this scenario, you have asked the following:
(1) What is the proper procedure for the garnishment of a sheriff's salary to satisfy a judgment rendered against the sheriff personally considering that the sheriff would be garnishing his own salary and is entitled to a commission or fee under La.R.S. 33:1428 and La. Atty. Gen. Op. No. 80-1426?
(2) Under the hypothetical scenario described above, is a city marshal empowered to act in place of the sheriff pursuant to authority granted to the marshal by La.R.S. 13:1881 or other statutory law?[1] *Page 2 
The law governing garnishments is set forth in La.C.C.P. arts. 2411—2417 and La.R.S. 13:3913, et seq. Ordinarily, when a garnishment proceeding is filed, the sheriff must serve a copy of the petition and interrogatories, together with a notice of seizure, on the garnishee. La.C.C.P. art. 2414(A). In the event the sheriff is unable to act, La.R.S. 13:3476 provides:
Whenever the sheriff of any parish shall be interested in any suit or other legal process, or when there shall be no sheriff in office in any parish, or the sheriff shall be disqualified by law, from interest or otherwise, from serving any legal process, it shall be served by any regular constable of the parish, or by any officer appointed by the court. Such constable or officer shall have in the suit all the powers, receive all the emoluments, and be liable to all the responsibilities of the sheriff.
In the scenario set forth in your opinion request, the sheriff would be unable to serve the required papers because he is an interested party. Therefore, based on the law quoted above, the papers shall be served by "any regular constable of the parish, or by an officer appointed by the parish." The person serving process is entitled to payment for service that the sheriff would have received if he had served the papers himself.
There is no definition of the term `regular constable' as used in La.R.S. 13:3476. Every justice of the peace court in Louisiana has a constable. See La.R.S. 13:2583. These constables may effectuate service of process within the parish of that court for any case before that court. La.R.S. 13:2586(F). In addition, the term "constable" is used interchangeably with the term "marshal" in the context of municipal officers and officers of city courts.See La.R.S. 13:1879; La.R.S. 33:423; and
La.C.C.P. art. 332. The chief of police for a municipality, whether elected or appointed, is the marshal for his municipality and isex officio a constable for that municipality. See La.R.S. 33:381; 33:381.1; and 33:423. City courts also have constables or marshals. See La.R.S. 13:1879. The marshal of a city court is the executive officer for that court. See
La.R.S. 13:1881(A). "Service of all writs and processes in civil or criminal cases issuing from a city court shall be made by the marshal or by any sheriff or deputy sheriff where they respectively exercise their authority, or by any police officer of the city or town where the service is to be made." La.R.S. 13:1892.
Generally speaking, a constable or marshal of a city court or of a justice of the peace court may serve civil process only "within the territorial jurisdiction of the court. . . ." La.C.C.P. art. 332;see also La.R.S. 13:1892; and La. Atty. Gen. Op. No. 06-0123. Constables and marshals of city courts and justice of the peace courts may be authorized by the sheriff to serve the processes of the district court, and in so doing the constables or marshals are given the same powers and authority as the sheriff, but may only exercise that power and authority within *Page 3 
the territorial jurisdiction of their respective courts.See La. Atty. Gen. Op. Nos. 06-0123; 98-243; 97-315. However, in the special circumstances referenced in R.S. 13:3476, i.e., when there is no sheriff or the sheriff has been disqualified (such as when the sheriff has an interest in the suit), "process may be served by a regular constable or by any officer appointed by the court." La.R.S. 13:3476.
This statute also provides that the constable acting under its provisions has all the powers and authority of the sheriff.Id. This office has interpreted this provision as expanding the territorial jurisdiction of the constable for this limited purpose.See La. Atty. Gen. Op. No. 92-165. There, we concluded that a chief of police/city marshal/ex officio constable[2] acting under the authority of R.S. 13:3476 "may serve [process] outside of the municipal corporate boundaries." Id.; see also
La. Atty. Gen. Op. No. 84-638. We see no reason to make a distinction between a city marshal on the one hand and either a justice of the peace court constable or a city court constable or marshal on the other. Each is considered to have similar limited territorial jurisdiction under ordinary circumstances and each should be allowed to exercise the expanded territorial jurisdiction conferred by R.S. 13:3476 in the limited circumstances covered by that statute.[3]
Accordingly, it is the opinion of this office that when a sheriffs salary is garnished, the garnishment petition and interrogatories may be served by "any regular constable of the parish," which could be any justice of the peace court constable, city court constable or marshal, or municipal chief of police resident in the parish; or by any other "officer appointed by the court" and that the person serving process is entitled to collect the same fee for effecting service that the sheriff would otherwise have received for that same type of service. La.R.S. 13:3476. *Page 4 
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
Yours very truly,
JAMES D. "BUDDY" CALDWELL Attorney General By:__________________________
Lindsey K. Hunter Assistant Attorney General
JDC/LKH/crt
[1] Per our conversation, the garnishment judgment in your hypothetical was issued in district court. Thus, La.R.S. 13:1881 is inapplicable. La.R.S. 13:1881 would be applicable, and the marshal used, if the garnishment proceedings were filed in city or municipal court.
[2] This opinion also indicated that this authority was granted to all of the chief's subordinate officers.
[3] Of course, any of these officers could be appointed by the issuing court to be special process servers under this statute for the limited situations referenced therein.